IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      § | |
|     Plaintiff-Respondent,                § | |
| § | |
| v.                                                              § | Cr. No. C-10-1169 |
| § | (C.A. No. C-12-181) |
| SERVANDO DE LA CRUZ,                 § | |
|     Defendant-Movant.                   § | |

### MEMORANDUM OPINION AND ORDER

On May 31, 2012, the Clerk received Movant Servando De La Cruz' (De La Cruz) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 26. The government filed its Response. D.E. 35. De La Cruz has not filed a Reply.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II.  FACTUAL BACKGROUND AND PROCEEDINGS

**A.     Summary of Offense**

De La Cruz was traveling through the Sarita, Texas Border Patrol checkpoint in December 2010 when he was stopped for a routine immigration check. D.E. 1. During the stop, the agent noticed that De La Cruz appeared to be nervous and there was a strong smell of multiple air fresheners. The agent requested permission to X-Ray the vehicle. De La Cruz agreed. Id. The X-Ray revealed anomalies on the drivers side of the cab and De La Cruz consented to a search of the vehicle. Id. When the cab was examined, the agents found loose speaker screws. In the compartment behind the speaker, agents found damp cotton-like material saturated with a cleaning agent like Pine-Sol. Behind the cotton-like material were bundles covered with black electrical tape. Twenty bundles were found that were later determined to contain cocaine. Id. The gross weight of the

cocaine was 12.06 kilograms. Id. De La Cruz was arrested. Id. After he was read his Miranda rights in Spanish, De La Cruz agreed to speak to agents. He claimed he was contacted by an unknown person who offered him $5000 to take a load of cocaine to Rosenberg, Texas. Id. De La Cruz was instructed to go to a supermarket in Brownsville, Texas, and remain inside for approximately 25 minutes. The cocaine was to be left in the cab of the truck. It was. De La Cruz hid the cocaine in the rear speaker compartment and attempted to mask the odor. Id. The following day, De La Cruz was questioned again, by different agents. He again admitted he knew there was cocaine in his truck and he was to be paid to deliver it. Id.

**B.      Criminal Proceedings**

De La Cruz was taken before a federal Magistrate Judge and appointed counsel. D.E. 2, Minute Entry December 6, 2010. De La Cruz was indicted two weeks later for possession with intent to distribute more than 5 kilograms of cocaine (12.06 kilograms gross). D.E. 7. He was arraigned shortly thereafter. Minute Entry December 28, 2010. At the Pretrial Conference, De La Cruz substituted retained counsel for appointed counsel. D.E. 13, 14. De La Cruz entered into a plea agreement with the government and was rearraigned. D.E. 17, Minute Entry February 22, 2011.

De La Cruz pled guilty in exchange for the government's agreement to recommend maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. D.E. 17 at ¶ 2. The agreement also included a provision for the government to move for downward departure if De La Cruz provided substantial assistance as outlined in the sentencing guidelines § 5K1.1 and in 18 U.S.C. § 3553(e). The agreement imposed a duty of good faith on both parties, but reserved to the government the discretion to determine whether the defendant provided substantial assistance. Id. at ¶ 3.

A Presentencing Investigation Report (PSR) was prepared. D.E. 20. His base offense level after deduction for acceptance of responsibility was 29, based upon 10.06 net kilograms of cocaine. Id. at ¶¶ 13-22. De La Cruz had no scored criminal conduct resulting in application of criminal history category I. The Guideline Sentencing range was 87-108 months, but was trumped by the statutory minimum sentence of 120 months. Id. at ¶¶ 24-25, 42-43. No objections were filed to the PSR. D.E. 22.

At sentencing, De La Cruz confirmed that he had reviewed the PSR with counsel and there were no objections. D.E. 34 at 3. The Court inquired regarding safety valve and the government responded, "No, Your Honor, he has not debriefed." Id. at 4. The Court advised the parties that he was required to impose at least the minimum statutory sentence. De La Cruz and his counsel emphasized his clean criminal record, his family, and his previous steady employment in requesting a minimum sentence. Id. at 3-4. The Court advised De La Cruz that he still had an opportunity to obtain a Rule 35 downward departure in the future. Id. at 7. De La Cruz was sentenced to 120 months imprisonment, 5 years supervised release, no fine, and a $100 special assessment. Id. at 7-8. The Court advised De La Cruz of his right to appeal. Id. at 8. Judgment was entered on August 10, 2011. D.E. 24. De La Cruz did not appeal. He mailed his § 2255 motion to this Court on May 24, 2012. It is timely.

### III. MOVANT'S ALLEGATIONS

De La Cruz brings a single complaint, that the government violated the plea agreement by failing to move for a 5K downward departure for his substantial assistance. D.E. 26 at 4-6.

### IV. ANALYSIS

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). The cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

**B.      Breach of Plea Agreement Due to the Government's Failure to Move for Downward Departure Based upon His Substantial Cooperation**

De La Cruz claims that he told the government everything he knew immediately after his arrest and that he was promised a 5K1.1 downward departure. He asserts that the government "forgot" to make the motion. As an initial matter, breach of the plea agreement should have been raised on appeal, but was not. De La Cruz does not provide any reason for his failure to do so. As a result, the government asserts that this claim is procedurally barred.

Moreover, De La Cruz' claim fails on the merits. At sentencing, the government stated that De La Cruz did not debrief. The government has also filed an Affidavit that states that De La Cruz did not debrief after his arrest. D.E. 28. This Affidavit is consistent with both De La Cruz' claim and the government's representation at sentencing.  De La Cruz' statement at the time of his arrest did not implicate any other identifiable person.

The Application Notes to § 5K1.1 provide, "Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, *substantial assistance in the investigation or prosecution of another person* who has committed an offense may justify a sentence below a statutorily required minimum sentence." Application Notes 1 (emphasis added). Additionally,

> (e) Limited authority to impose a sentence below a statutory minimum.--Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a *defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense*. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e) (emphasis added). Both the sentencing guidelines and the statute require that a defendant may not qualify for downward departure for substantial assistance unless he assists in the investigation or prosecution of another person. De La Cruz claimed not to know the identity of any other person. De La Cruz did not meet the minimum requirement for substantial assistance. Even if the issue was not procedurally barred, it has no merit.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although De La Cruz has not yet filed a notice of appeal, the § 2255 Rules instruct

this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that De La Cruz is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

### VI. CONCLUSION

For the foregoing reasons, De La Cruz' motion to vacate, set aside, or correct his sentence (D.E. 26) is **DENIED**. Additionally, De La Cruz is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 30th day of January, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE